IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| -vs- | ) | Criminal No. 03-72 |
| | ) | |
| DANIEL KEITH MATTHEWS, | ) | |
| Defendant. | ) | |

ORDER

CONTI, District Judge.

On February 23, 2006, defendant was convicted by a jury of one count of conspiracy to distribute and possession with the intent to distribute one hundred grams or more of heroin, in violation of Title 21, United States Code, sections 846, 841(a)(1) and 841(b)(1)(B)(i) (Count One of the superseding indictment) and one count of distribution and possession with the intent to distribute a quantity of heroin, in violation of Title 21, United States Code, sections 841(a)(1) and 841(b)(1)(C) (Count Sixteen of the superseding indictment).

On September 8, 2006, the court ruled upon defendant's motions for a judgment of acquittal under Rule 29, for a new trial under Rule 33, and for release on bond pending sentencing. The court denied the motions for acquittal and a new trial, determining that they were untimely and the court did not have discretion to consider them on the merits. The court denied the motion for bond.

On September 20, 2006, the court granted defendant's pro se motion to disqualify defendant's prior counsel (Doc. No. 782) and prior counsel's motion to withdraw as his attorney (Doc. No. 784). The court subsequently appointed new counsel for defendant. (Doc. No. 797).

Pending before the court is defendant's pro se Motion for Judgment of Acquittal, or Motion for New Trial (Doc. No. 809) ("defendant's pending pro se motion") which was filed by defendant pro se after the appointment of new counsel. Defendant's pending pro se motion seeks that the court set aside the jury's verdict and grant him a judgment of acquittal based in large part upon his argument that his previous counsel gave him ineffective assistance of counsel. Defendant relies upon 28 U.S.C. § 2241 in support and argues that the court can consider his section 2241 claim prior to his sentencing, which is scheduled to be held in the near future, on November 9, 2006, at 12:30 p.m.

Defendant's ineffective assistance of counsel claim would more appropriately be brought before the court pursuant to 28 U.S.C. § 2255. Under section 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside or correct the sentence upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence." Rodriquez-Vera v. Johns, 2006 WL 2466197, *1 (3d Cir. 2006) (per curiam) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). "A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention." Id. (citing 28 U.S.C. § 2255; In re Dorsainvil,

119 F.3d 245, 249-51 (3d Cir.1997)). "'A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims.'" Id. (quoting Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir.2002)).

The United States Court of Appeals for the Third Circuit "[has] emphasized [its] preference that claims of ineffectiveness of counsel be raised in a collateral proceeding under 28 U.S.C. § 2255." United States v. Gaydos, 108 F.3d 505, 512 n.5 (3d Cir. 1997) (citing United States v. Oliva, 46 F.3d 320, 323 (3d Cir.1995); United States v. Rieger, 942 F.2d 230, 235-36 (3d Cir.1991); United States v. Sandini, 888 F.2d 300, 311-12 (3d Cir.1989)). "Thus, although [defendant's] claims of ineffective counsel may be meritorious, they must be raised through a § 2255 petition." Id. (emphasis added).

Moreover, while district courts historically have recharacterized pro se motions that effectively seek relief under section 2255 without relying explicitly on section 2255 as motions brought pursuant to section 2255, which is the statutory means by which federal prisoners attack their sentences on collateral review, the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") altered the consequences of such recharacterization. See United States v. Miller. 197 F.3d 644 (3d Cir. 1999); see also Raineri v. United States, 233 F.3d 96 (1st Cir. 2000).

> Under the aegis of AEDPA, however, with its sharp limitation on second or successive petitions, if a district court recharacterizes a pro se petitioner's poorly drafted post-conviction motion as a § 2255 petition and dismisses the motion on its merits, the petitioner is effectively barred from later filing a full-fledged collateral attack upon his conviction. Thus, under AEDPA, the practice of liberal recharacterization that once opened the doors of the federal courts to pro se litigants now threatens unintentionally to close them shut.

Miller, 197 F.3d at 646; see Raineri, 233 F.3d at 97 ("[AEDPA] raised the stakes attendant to recharacterizing a post-conviction motion as a habeas petition: conversion, through initially meant to guide a prisoner through the thicket of legal technicalities, suddenly had the potential to deprive him of his one full and fair opportunity to seek habeas relief.").

The United States Court of Appeals for the Third Circuit addressed precisely this issue in Miller. Following the rationale of the United States Court of Appeals for the Second Circuit in Adams v. United States, 155 F.3d 582 (2d Cir. 1998), the court in Miller prescribed a procedure for district courts upon receipt of pro se pleadings raising these kinds of issues. The court of appeals in Miller held:

> Persuaded by the Adams approach, we conclude that district courts should discontinue their practice of automatically treating pro se, post-conviction motions as § 2255 petitions. Rather, upon receipt of pro se pleadings challenging an inmate's conviction or incarceration – whether styled as a § 2255 motion or not – a district court should issue a notice to the petitioner regarding the effect of his pleadings. This notice should advise the petitioner that he can (1) have his motion ruled upon as filed; (2) if his motion is not styled as a § 2255 motion have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or (3) withdraw the motion, and file one all-inclusive § 2255 petition within the one-year statutory period. Presumably, the District Court will provide in its notice a time frame for the response.

Miller, 197 F.3d at 652 (Becker, J.) (footnotes omitted).

By reason of defendant recently having been appointed counsel, and by reason of the court finding that a motion brought pursuant to section 2255 is not inadequate or ineffective to test the merits of defendant's claims of ineffective assistance, the court will DENY WITHOUT PREJUDICE defendant's pending pro se motion (Doc. No. 809). The court further notifies defendant that, although the court will deny his pending pro se motion without prejudice to his

4

right to raise the issues contained therein, he must do so in one all-inclusive section 2255 petition filed within the one-year statutory period required for claims brought pursuant to that section.

The court also notes that defendant filed his motion <u>after</u> the appointment of new counsel. Motions should be filed by defendant's counsel.

By the court:

<u> /s/ Joy Flowers Conti       </u>
Joy Flowers Conti
United States District Judge

Dated: November 7, 2006

cc: Counsel of Record