IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| -vs- ) | Criminal No. 03-72 |
| ) | |
| DANIEL KEITH MATTHEWS, ) | |
|     Defendant. ) | |

ORDER

CONTI, District Judge.

On February 23, 2006, defendant was convicted by a jury of one count of conspiracy to distribute and possession with the intent to distribute one hundred grams or more of heroin, in violation of Title 21, United States Code, sections 846, 841(a)(1) and 841(b)(1)(B)(i) (Count One of the superseding indictment) and one count of distribution and possession with the intent to distribute a quantity of heroin, in violation of Title 21, United States Code, sections 841(a)(1) and 841(b)(1)(C) (Count Sixteen of the superseding indictment).

On September 8, 2006, the court ruled upon defendant's motions for a judgment of acquittal under Rule 29, for a new trial under Rule 33, and for release on bond pending sentencing. The court denied the motions for acquittal and a new trial, determining that they were untimely and the court did not have discretion to consider them on the merits. The court denied the motion for bond.

On September 20, 2006, the court granted defendant's pro se motion to disqualify defendant's prior counsel (Doc. No. 782) and prior counsel's motion to withdraw as his attorney (Doc. No. 784). The court subsequently appointed new counsel for defendant. (Doc. No. 797).

The court previously denied defendant's pro se Motion for Judgment of Acquittal, or Motion for New Trial (Doc. No. 809) filed by defendant pro se after the appointment of new counsel. (Doc. No. 825)("November 7, 2006 Order"). In the November 7, 2006 Order, the court explained that defendant's ineffective assistance of counsel claim would more appropriately be brought before the court pursuant to 28 U.S.C. § 2255 because a section 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. See Rodriquez-Vera v. Johns, 2006 WL 2466197, *1 (3d Cir. 2006) (per curiam) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Defendant argued that he should be able to proceed prior to sentencing under section 2241; defendant, however, had not made the necessary showing that a section 2255 motion would be inadequate for his claims. "A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention." Id. (citing 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir.1997)). "'A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims.'" Id. (quoting Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir.2002)).

In the November 7, 2006 Order the court further explained that the United States Court of Appeals for the Third Circuit "[has] emphasized [its] preference that claims of ineffectiveness of counsel be raised in a collateral proceeding under 28 U.S.C. § 2255." United States v. Gaydos,

108 F.3d 505, 512 n.5 (3d Cir. 1997) (citing United States v. Oliva, 46 F.3d 320, 323 (3d Cir.1995); United States v. Rieger, 942 F.2d 230, 235-36 (3d Cir.1991); United States v. Sandini, 888 F.2d 300, 311-12 (3d Cir.1989)). "Thus, although [defendant's] claims of ineffective counsel may be meritorious, they must be raised through a § 2255 petition." Id. (emphasis added).

Moreover, in the November 7, 2006 Order, the court noted that while district courts historically have recharacterized pro se motions that effectively seek relief under section 2255 without relying explicitly on section 2255 as motions brought pursuant to section 2255, which is the statutory means by which federal prisoners attack their sentences on collateral review, the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") altered the consequences of that recharacterization. See United States v. Miller. 197 F.3d 644 (3d Cir. 1999); see also Raineri v. United States, 233 F.3d 96 (1st Cir. 2000).

> Under the aegis of AEDPA, however, with its sharp limitation on second or successive petitions, if a district court recharacterizes a pro se petitioner's poorly drafted post-conviction motion as a § 2255 petition and dismisses the motion on its merits, the petitioner is effectively barred from later filing a full-fledged collateral attack upon his conviction. Thus, under AEDPA, the practice of liberal recharacterization that once opened the doors of the federal courts to pro se litigants now threatens unintentionally to close them shut.

Miller, 197 F.3d at 646; see Raineri, 233 F.3d at 97 ("[AEDPA] raised the stakes attendant to recharacterizing a post-conviction motion as a habeas petition: conversion, through initially meant to guide a prisoner through the thicket of legal technicalities, suddenly had the potential to deprive him of his one full and fair opportunity to seek habeas relief.").

For this reason, the court in its November 7, 2006 Order was guided by the United States Court of Appeals for the Third Circuit in Miller. Following the rationale of the United States Court of Appeals for the Second Circuit in Adams v. United States, 155 F.3d 582 (2d Cir. 1998),

3

the court in Miller prescribed a procedure for district courts upon receipt of pro se pleadings raising these kinds of issues. The court of appeals in Miller held:

> Persuaded by the Adams approach, we conclude that district courts should discontinue their practice of automatically treating pro se, post-conviction motions as § 2255 petitions. Rather, upon receipt of pro se pleadings challenging an inmate's conviction or incarceration – whether styled as a § 2255 motion or not – a district court should issue a notice to the petitioner regarding the effect of his pleadings. This notice should advise the petitioner that he can (1) have his motion ruled upon as filed; (2) if his motion is not styled as a § 2255 motion have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or (3) withdraw the motion, and file one all-inclusive § 2255 petition within the one-year statutory period. Presumably, the District Court will provide in its notice a time frame for the response.

Miller, 197 F.3d at 652 (Becker, J.) (footnotes omitted).

In the November 7, 2006 Order, the court denied without prejudice defendant's pro se motion (Doc. No. 809) which had been filed prior to sentencing. The court further notified defendant that, although the court was denying that pro se motion without prejudice to his right to raise the issues contained therein, he must do so in one all-inclusive section 2255 petition filed within the one-year statutory period required for claims brought pursuant to that section. The court further noted that defendant filed his motion after the appointment of new counsel. The court instructed defendant that motions should be filed by defendant's counsel. (A copy of the November 7, 2006 Order will be mailed directly to defendant along with a copy of this order.)

Since the issuance of the November 7, 2006 Order, defendant has filed multiple pro se motions concerning his conviction, his upcoming sentencing and collateral matters. For example, defendant on December 1, 2006 filed a pro se Motion for Hearing on Ineffective Assistance of Trial Counsel and Motion for New Trial (Doc. No. 843); defendant on December

5, 2006 filed pro se Objections to the Presentence Investigation Report (Doc. No. 845); defendant on December 8, 2006 filed pro se a Motion for Bail Pending Sentence or Appeal (Doc. No. 849); defendant on December 19, 2006 filed pro se a Motion for "Hybrid Representation" (Doc. No. 855); defendant on December 19, 2006 filed a Supplemental Motion on Newly Discovered Evidence of Ineffective Assistance of Counsel for New Trial (Doc. No. 856); defendant on January 3, 2007 filed pro se a Supplemental Motion for New Trial on Newly Discovered Evidence to Reconsider Motion to Set Aside Verdict for New Trial (Doc. No. 860); and defendant on January 3, 2007 filed pro se a Motion to Challenge Amount of Drugs and Information Used for Sentence (Doc. No. 861).

In addition, upon defendant's motions filed through his new counsel, the court has continued defendant's sentencing hearing twice. See (Doc. No. 827) (continuing sentencing from November 9, 2006 to December 21, 2006); December 18, 2006 text-only order (continuing sentencing until January 17, 2007 and setting new deadlines for the filing of defendant's objections to the Presentence Report and the Addendum).  Defendant's new counsel has since filed defendant's position with respect to sentencing factors.  (Doc. No. 862).  Defendant's sentencing will be held January 17, 2007.

By reason of defendant having been appointed counsel, and because many of the issues raised in defendant's pro se filings relate to matters better addressed at the sentencing hearing, upon direct appeal of defendant's conviction, in one all-inclusive section 2255 petition filed within the required statutory period, or by some other means, the court will DENY WITHOUT PREJUDICE defendant's pending pro se motions (Doc. Nos. 843, 845, 849, 855, 856, 860, and 861).  A copy of this order and the November 7, 2006 Order will be mailed directly to defendant.

By the court:


 /s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Dated: January 16, 2006

cc:    Counsel of Record

       Daniel Keith Matthews
       Number 3771
       Allegheny County Jail
       950 Second Avenue
       Pittsburgh, PA 15219-3100