IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 03-72 |
| | ) | |
| DANIEL KEITH MATTHEWS, | ) | |
| Defendant | ) | |
| | ) | |

Order

CONTI, District Judge.

AND NOW, this 15th day of August, 2007, defendant Daniel Keith Matthews ("defendant Matthews") has filed a pro se motion seeking that this court make available transcripts from court proceedings in the above-entitled case so that he can prepare a section 2255 motion. (Doc. No. 893).

The Government has filed a Response in Opposition arguing that defendant Matthews' motion should be denied because the plain language of 28 U.S.C. § 753(f) provides that a section 2255 petitioner is not entitled to transcripts free of cost until the petitioner has filed a section 2255 motion, citing United States v. Horvath, 157 F.3d 131, 132-33 (2d Cir. 1998) (holding that a motion for a free transcript pursuant to section 753(f) is not ripe until a section 2255 motion has been filed). (Doc. No. 895).

The Government is correct.  Defendant Matthews' motion for transcripts is hereby DENIED WITHOUT PREJUDICE to his ability to file a motion for transcripts if he files a section 2255 motion.

The court notes that defendant Matthews' direct appeal is still pending and a section 2255 motion normally is premature while a defendant's direct appeal is pending. See United States  v.

Ford, 215 Fed.Appx. 167, 168 (3d Cir. 2007) (nonprecedential; per curiam) (noting that "in the context of collateral attacks upon convictions, courts have concluded that there is no jurisdictional bar to a District Court's adjudication of a § 2255 motion while the movant's direct appeal is pending, but that such actions are disfavored as a matter of judicial economy and concern that the results on direct appeal may make the District Court's efforts a nullity"; "While a direct appeal is pending, a District Court may consider a § 2255 motion only in "extraordinary circumstances.") (citing United States v. Prows, 448 F.3d 1223, 1228-29 (10th Cir.2006); Kapral v. United States, 166 F.3d 565, 570-72 (3d Cir.1999); Womack v. United States, 395 F.2d 630, 631 (D.C.Cir.1968)); see also United States v. LaFromboise, 427 F.3d 680, 686 (9th Cir. 2005) (noting that there is some dispute whether this is a jurisdictional or prudential bar, citing the Advisory Committee Notes to the Rules Governing § 2255 Proceedings:  "We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances."); Pratt v. United States, 129 F.3d 54, 60-61 (1st Cir. 1997) (citing United States v. Diaz-Martinez, 71 F.3d 946, 953 (1st Cir. 1995)("The settled rule in this circuit . . . is that the district court should decline to hear claims for relief based on allegedly ineffective assistance of counsel until the direct appeal is decided, unless 'extraordinary circumstances' are demonstrated.")(citations omitted)).

By the court:


/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:      Counsel of Record

Daniel Keith Matthews
#07668068
Federal Correctional Institution
Elkton
P.O. Box 10
Lisbon, OH 44432