IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Criminal Action No. 03-72 |
| v. | ) |
| | ) |
| DANIEL KEITH MATTHEWS, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

<u>Conti</u>, District Judge

Pending before the court is the motion to be transferred or redesignated to Federal Correctional Institute ("FCI") Morgantown ("Motion") (ECF No. 930), filed by defendant Daniel Keith Matthews ("defendant" or "Matthews") on June 21, 2010. In the Motion, Matthews requests the court to order or direct the United States Bureau of Prisons ("BOP") to comply or honor the district court's judicial recommendations made in defendant's Judgment at Criminal Number 03-72, filed on January 22, 2007. (ECF No. 878.) On June 30, 2010, the government filed a response in opposition to the Motion. (ECF No. 931.) Because the court lacks jurisdiction to provide the relief requested, defendant's Motion will be denied.

**I. Background**

On January 17, 2007, defendant was sentenced to a term of imprisonment for 120 months at each of counts one and sixteen[1] of the superseding indictment at Criminal Number 03-72 to be

---

[1] Count one of the superseding indictment was conspiracy to distribute and possess with the intent to distribute one hundred grams or more of heroin, in violation of 18 U.S.C. § 846. Count 16 of the superseding indictment was distribution and possession with the intent to distribute a quantity of heroin, in violation of 18 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C).

served concurrently for a total of 120 months.[2] At the end of the sentencing hearing, defendant was committed to the custody of the BOP, at which time the court made recommendations to the BOP, including, among others, that: 1) defendant be placed as close to his family in Pittsburgh, Pennsylvania, as possible; 2) defendant, if he volunteers, be placed in the 500-hour residential intensive drug treatment program and other substance abuse programs; and 3) defendant be able to participate in any educational or vocational training and participate in any work program to continue using his current skills, including construction.

Defendant avers that he was transferred from FCI Elkton to Federal Satellite low Elkton in October 2009. Defendant maintains that, due to the transfer he is unable to comply with any of the judicial recommendations at Federal Satellite low Elkton because there is no Residential Drug Abuse Program[3] or vocational training in the construction trade.[4] Defendant contends that his transfer to FCI Morgantown would satisfy all the judicial recommendations.

## II. Standard of Review

> [A] district court has *no* power to *dictate* or *impose* any place of confinement for the imprisonment portion of the sentence. Rather, the power to determine the location of imprisonment rests with the Bureau of Prisons.

United States v. Serafini, 233 F.3d 758, 778 n.23 (3d Cir. 2000) (citing 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."). The law is well settled that the "Attorney General, through the BOP has responsibility for imprisoning federal offenders." United States v. Wilson, 503 U.S. 329, 331 (1992) (citing 18 U.S.C. §

---

[2] Upon release of imprisonment, defendant was sentenced to a term of supervised release for eight years at count one of the superseding indictment to run concurrently with six years at count sixteen of the superseding indictment for a total of eight years.

[3] Defendant avers that on February 26, 2009, he completed forty hours of drug education. See Ex. to Motion. (ECF No. 931-1.)

[4] Defendant also complains of insufficient dental care.

2

3621(a)). The implementation of a defendant's sentence is an administrative matter that rests with the BOP.

> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18. U.S.C. Section 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed").

Wilson, 503 U.S. at 335.

### III. Discussion

Defendant misunderstands the court's power in making recommendations to the BOP with respect to the implementation of his sentence. Pursuant to the plain language set forth in defendant's Judgment, the court's role in the implementation of defendant's sentence is limited to making recommendations to the BOP. Defendant's request to be transferred or redesignated to Morgantown FCI as his place of federal confinement is left to the sound discretion of the BOP.

Any challenge to the manner in which defendant's sentence is being implemented by the BOP, e.g., the setting of his release date, the conditions in the prison, the authority of the warden to detain him, is properly filed as a motion pursuant to 28 U.S.C. § 2241, and is brought in the district where the prisoner is confined. See Moncrieffe v. Yost, 367 F. App'x 286, 288, (3d Cir. 2010) (a federal prisoner's challenge to the BOP's decision regarding placement . . . is a challenge to the execution of a sentence cognizable under § 2241) (citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005)); see also United States v. Kennedy, 851 F.2d 689, 690 (3d Cir. 1988) ("A challenge to the Parole Commission's execution of a sentence is properly raised in a *habeas corpus* petition under 28 U.S.C.A. § 2241.") (citing United States v. Ferri, 686 F.2d 147, 158 (3d Cir. 1985); United States v. Jack, 774 F.2d 605, 607 n.1 (3d Cir. 1985)). In addition, with respect to § 2241 claims, the petitioner must exhaust his or her

administrative remedies.  <u>Moncrieffe</u>, 367 F. App'x at 288 n.1 (3d Cir. 2010); <u>Barden v. Keohane</u>, 921 F.2d 476, 479 (3d Cir. 1991).

Defendant's request for the court to transfer or redesignate him to FCI Morgantown is not appropriate under 18 U.S.C. § 3582.[5]

---

[5] Generally, a district court may not alter a criminal sentence of punishment once it has been imposed. <u>United States v. Wise</u>, 515 F.3d 207, 220 (3d Cir. 2008); <u>Garcia v. Beeler</u>, No. 97-5624, 1998 WL 418041, at *1 (D.N.J. July 30, 1998) ("Generally, sentences handed down by judges are final.")  "While district courts generally have 'inherent authority' to decide motions for reconsideration and rehearing of orders in criminal proceedings, [18 U.S.C. § 3582] expressly limits the court's authority in sentencing."  <u>United States v. Aguirre</u>, 214 F.3d 1122, 1124 (9th Cir. 2000) (quoting <u>United States v. Barragan-Mendoza</u>, 174 F.3d 1024, 1027 (9th Cir. 1999)).

18 U.S.C. § 3582(b) provides:
**(b) Effect of finality of judgment**.--Notwithstanding the fact that a sentence to imprisonment can subsequently be--
  **(1)** modified pursuant to the provisions of subsection (c);
  **(2)** corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
  **(3)** appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.
18 U.S.C. § 3582(b).

A motion for modification of a sentence already imposed is typically sought under 18 U.S.C. § 3582(c), which permits a sentencing court to modify a term of imprisonment upon motion of the Director of the Bureau of Prisons, to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, or in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission:
**(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
  **(1)** in any case--
    **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
      **(i)** extraordinary and compelling reasons warrant such a reduction; or
      **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
      and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
    **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
  **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [section] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set

Under these circumstances, there is no basis upon which the court can grant defendant's Motion or otherwise modify defendant's sentence. Accordingly, defendant's motion must be dismissed for lack of jurisdiction and the Motion shall be denied.

**ORDER**

**AND NOW**, this 29th day of October, 2010, upon consideration of the Motion to Get Transferred or Redesignated to FCI Morgantown (ECF No. 930), and the government's response (ECF No. 931), it is hereby ordered that the Motion is denied.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Court Judge

cc: Daniel Keith Matthews
Reg. No. 07668068
Federal Satellite Low Elkton
P.O. Box 10
Lisbon, OH 44432

---

forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).
   Here, none of the three enumerated circumstances in 18 U.S.C. § 3582(c) are applicable to defendant's situation. The director of the BOP did not file a motion on defendant's behalf and Rule 35 of the Federal Rules of Criminal Procedure does not provide a basis for the relief defendant requests.
   Rule 35(a) strictly prohibits a court from modifying a defendant's sentence after fourteen days and is limited to situation where a need arises to "correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). Defendant's motion was not filed for any of these reasons. Rule 35(b) provides the court a limited ability to modify a previously-imposed sentence. Under Rule 35(b), a modification may be made only if the government moves to modify the sentence based upon the defendant having substantially assisted the government in investigating or prosecuting another person. FED. R. CRIM. P. 35(b). The government did not file a motion under Rule 35(b) in this case. Thus, defendant failed to satisfy the requirements of either Rule 35 or 18 U.S.C. § 3582(c) for post-sentence modification.