IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 03-72-7 |
| | ) | |
| DANIEL KEITH MATTHEWS, | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM ORDER**

.   Presently before the court is a Motion to Vacate under 28 U.S.C. § 2255 filed pro se by petitioner Daniel Keith Matthews ("petitioner" or "Matthews")(ECF No. 937)(the "Motion to Vacate"), a Motion for Trial and Sentencing Transcripts and DEA Surveillance Reports filed by Matthews (ECF No. 938) (the "Motion for Trial:"), a Supplement to Motion to Vacate filed by Matthews (ECF No. 941) (the "Supplement") and an Amended Motion to Vacate under 28 U.S.C. § 2255 filed by Mathews (ECF No. 945)(the " Amended Motion").

On February 23, 2006, Matthews was found guilty by a jury of conspiracy to distribute and possess with the intent to distribute one hundred grams or more of heroin in violation of 21 U.S.C. § 846 and distribution and possession with the intent to distribute a quantity of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C).

On January 17, 2007, the court sentenced Matthews to 120 months of imprisonment to be followed by 6 years of supervised release.

On November 12, 2010, the Court of Appeals for the Third Circuit entered a mandate affirming the judgment of this court.

On October 15, 2010, Matthews pro se filed the Motion to Vacate in which he asks the Court to vacate, set aside or correct his sentence, on October 21, 2010 he filed the Motion for Trial, on November 8, 2010 he filed the Supplement and on December 1, 2010, he filed the

Amended Motion.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") has implemented a procedural framework that limits the number and frequency of second or successive § 2255 petitions which may be brought before the federal courts. "The once generous practice of liberally construing pro se filings as § 2255 motions was rendered potentially disadvantageous by the enactment of AEDPA:

> Had AEDPA not been enacted, the District Court's handling of Miller's motions in this case would pose no problem. AEDPA, however, dramatically altered the form and timing of habeas petitions filed in the federal courts. Section 2255, as amended by AEDPA, bars second or successive habeas petitions absent exceptional circumstances and certification by the appropriate court of appeals. Amended sections 2255 and 2244(d)(1), moreover, impose a one-year statute of limitation on applications for writ of habeas corpus. Habeas petitioners must therefore be careful to avoid the twin procedural bars that AEDPA has created. **To avoid making successive claims, petitioners must marshal in one § 2255 writ all the arguments they have to collaterally attack their convictions. And in order to avoid being time barred, they must take care to file this one all-inclusive petition within one year of the date on which the judgment of conviction becomes final.**
>
> With AEDPA in place, the practice of liberally construing post-conviction motions as § 2244 petitions can, in the absence of cautionary or educational measures, impair the ability of inmates to challenge their convictions on collateral review. If each pro se post-conviction filing is treated as a § 2255 writ, as was once the case, inept petitioners face losing potentially valid constitutional claims at the hands of judges who are applying a rule of liberal construction that was created to benefit pro se claimants.

*United States v. Chew*, 284 F.3d 468, 470-71 (3d Cir. 2002) (quoting *United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999))(emphasis added).

Accordingly, under the *Miller* case "district courts provide certain prophylactic 'notice' measures before either re-characterizing a post-conviction motion as a § 2255 motion or ruling on a § 2255 motion denominated as such when the petitioner is proceeding pro se."

*Mason v. Meyers*, 208 F.3d 414, 418 (3d Cir. 2000).

The *Miller* rule obligates this court to advise Matthews that he may:

(1) have his motions ruled upon as filed;

(2) if any motion is not styled as a § 2255 motion, have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or

(3) withdraw his Motion to Vacate, Motion for Trial, Supplement and Amended Motion, and file one all-inclusive § 2255 petition within the one-year statutory period.

*Miller,* 197 F.3d at 652.

Because Matthews might not have been aware of the potential legal consequences when he filed the Motion to Vacate, the Motion for Trial, Supplement and Amended Motion, the court will delay consideration of his motions at the present time. Instead, Matthews will be ordered to consider, then select one of the three options listed above and advise the court of his decision on or before **January 20, 2011**, which is forty-five (45) days from this Memorandum Order. If Matthews chooses to withdraw the pending motions he may file one all-inclusive petition within one year of the date on which his judgment of conviction becomes final. If Matthews chooses not to respond, this court will rule upon the motions as filed as explained in Option # 1 above, but any pending motion or subsequent motion which may be characterized as a successive § 2255 petition will not be considered. The government shall not have to respond to any pending motion until after Matthews responds to the Order entered in connection with this Memorandum Order. If Matthews chooses not to respond, the government shall respond to the pending motions no later than February 10, 2011.

3

An appropriate Order follows.

Dated: December 2, 2010                    By the court:

                                           /s/ Joy Flowers Conti
                                           Joy Flowers Conti
                                           United States District Judge

cc: Daniel Matthews
    #07668068
    Federal Satellite Low Elkton
    P.O. Box 10
    Lisbon, OH 44432