IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 03-72 |
| | ) | |
| DANIEL KEITH MATTHEWS | ) | |

## OPINION

CONTI, Chief District Judge

### I. Introduction and Background

Pending before the court is a motion to terminate supervised release filed by pro se defendant Daniel Keith Matthews[1] ("defendant"). On February 23, 2006, a jury found defendant guilty of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin (count 1) and possession with intent to distribute a quantity of heroin (count 16). On January 17, 2007, defendant was sentenced to a term of imprisonment of 120 months at each of counts 1 and 16, to be concurrently served, and a term of supervised release of eight years at count 1, and six years at count 18, to be concurrently served. (ECF No. 878.) Defendant's terms of supervised release were subject to numerous conditions. (Id. at 4-5.)

On May 6, 2014, defendant was moved by the Bureau of Prisons ("BOP") from Federal Prison Camp McKean ("McKean") to a halfway house. Defendant while at the halfway house was in the custody of the BOP. On October 31, 2014, defendant was released from the halfway house and BOP custody and began serving his terms of supervised release under the supervision

---

[1] The court notes that in petitioner's filings with the court, he spells his name "Mathews." (See e.g. ECF No. 1211.) On the court's electronic filing system, petitioner's name is spelled "Matthews." For the sake of consistency with the electronic filing system and the court's previous filings in this case, the court refers to petitioner as "Matthews."

of the United States Probation Office for the Western District of Pennsylvania (the "probation office").

On May 28, 2015, defendant filed a motion to terminate supervised release. (ECF No. 1175.) On June 17, 2015, the government filed a response in opposition to that motion. (ECF No. 1181.) The court denied defendant's motion because he was not entitled to seek early termination of a term of supervised release until he served at least one year of the term of supervision. 18 U.S.C. § 3583(e)(1). The court also explained that defendant did not present to the court information sufficient from which this court could grant his request.

On April 18, 2017, defendant filed a second motion to terminate supervised release. (ECF No. 1211.) On May 9, 2017, the government filed a response in opposition. (ECF No. 1241.) Defendant's second motion to terminate supervised release is now ripe to be decided by the court.

**II. Legal Standard for a Motion for Early Termination of Supervised Release**

A district court may, after considering the applicable factors[2] in 18 U.S.C. § 3553(a),

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

---

[2] The applicable § 3553(a) factors are the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to protect the public from further crimes of the defendant and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the sentencing range established by the Sentencing Commission; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) & (a)(7).

18 U.S.C. § 3583(e)(1). "Generally…early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary[3] warrants it." United States v. Laine, 404 F. App'x 571, 573–74 (3d Cir. 2010) (citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). "Simple compliance with the conditions of supervised release [is] expected and not exceptional." Laine, 404 F. App'x at 574; see United States v. Dudash, Crim. Action No. 05-101, 2012 WL 874878, at *3 (W.D. Pa. Mar. 14, 2012) ("Defendant's full compliance with all of the conditions of supervised release does not warrant early termination."). In other words, the § 3553(a) factors and the interest of justice do not support early termination unless there is a reason other than compliance with the conditions of supervision. See United States v. Medina, 17 F.Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, *the exception would swallow the rule*." (emphasis added)).

### III. Discussion

### A. Defendant Served At Least One Year of Supervised Release

---

[3] Early termination of supervised release generally should not be granted absent exceptional or extraordinary circumstances. See e.g., United States v. Cotter, Crim. Action No. 09–190, 2014 WL 1653106, at *1 (W.D. Pa. Apr.23, 2014); United States v. Sporrer, Crim. Action No. 09–311, 2014 WL 580919, at *1 (W.D. Pa. Feb.13, 2014); United States v. Jaime, Crim. Action No. 05–34, 2013 WL 4434909, at *1 (W.D. Pa. Aug.16, 2013). The court, however, does not hold that "exceptional or extraordinary circumstances" is a "controlling standard," see Kay, 283 F. App'x at 946, or that such circumstances are required in every case, see Laine, 404 F. App'x at 573–74 ("Generally ... early termination of supervised release ... should occur only when…something exceptional or extraordinary warrants it."). The court must consider the applicable § 3553(a) factors. Ordinarily, however, the § 3553(a) factors and the interest of justice do not support early termination unless the defendant's conduct and circumstances are exceptional. See United States v. Medina, 17 F.Supp.2d 245, 247 (S.D.N.Y.1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.").

Defendant began serving his term of supervised release on October 31, 2014. Defendant filed the second motion to terminate supervised release on May 9, 2017. The court may, therefore, consider defendant's motion under 18 U.S.C. § 3583(e)(1).

**B. Applicable 18 U.S.C. § 3553(a) Factors**

Even though defendant is eligible for consideration under § 3583(e)(1), early termination of supervision is not warranted in this case because the court does not have sufficient information to consider defendant's request under the factors set forth in 18 U.S.C. § 3553(a). Defendant was last before this court for consideration of the § 3553(a) factors on January 17, 2007. Defendant in his second motion for termination of supervised release argues:

− he abided by all the rules of the halfway house;
− he has maintained steady employment;
− his drug screens have all been negative; and
− he has complied with all conditions of supervision.

The foregoing representations, however, are not sufficient for this court to assess whether defendant is entitled to early termination of his supervision. The court does not have sufficient information about defendant's personal characteristics and life circumstances at this stage to determine whether he is entitled to early termination of supervised release. This court specifically instructed defendant when it denied his first motion to terminate supervised release that if he renewed his request, he should provide the court with information about his personal characteristics and any changes that have occurred since he was last before the court for sentencing on January 17, 2007.

As the court noted in its opinion setting for the reasons the first motion to terminate supervised would be denied, defendant was sentenced to a mandatory minimum term of

imprisonment of 120 months and is serving a term of supervised release of eight years. Defendant's compliance with the terms of his supervision are commendable, but "[s]imple compliance with the conditions of supervised release [is] expected…." <u>Laine</u>, 404 F. App'x at 574.

## IV. Conclusion

Defendant is commended for his efforts thus far while under supervision, but the court at this stage does not have information sufficient to determine that early termination of supervision is warranted under § 3583(e)(1). Defendant's motion to terminate supervised release (ECF No. 1211) will, therefore, be denied.

An appropriate order will be entered.

BY THE COURT,

Dated: August 30, 2017

<u>/s/ JOY FLOWERS CONTI</u>
Joy Flowers Conti
Chief United States District Judge